IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THOMAS CARROLL COOPER, III, aka CAMERON COOPER, <br><br> Plaintiff, <br><br> v. <br><br> MONTGOMERY COUNTY CORRECTIONAL FACILITY, et al., <br><br> Defendants. | Civil Action No.: BAH-25-1146 |

**MEMORANDUM OPINION**

Plaintiff Thomas Carroll Cooper, III, a detainee confined at the Montgomery County Correctional Facility ("MCCF") in Boyds, Maryland, filed this civil action pursuant to 42 U.S.C. § 1983 in which he alleges that Defendants failed to protect him from an assault by another detainee. ECF 1 (complaint); ECF 5 (supplement). Defendants MCCF, Warden Frederick Abello, Cpl. Simon Toh, Sergeant Charles Penda, and Jennifer Zuckerman (collectively "Defendants")[1] filed a Motion to Dismiss the Complaint (the "Motion"), as supplemented by ECF 5. ECF 8.[2] Cooper was notified of his right to file a memorandum in opposition to the Motion. ECF 9. He filed two documents, which were docketed as additional supplements to the Complaint. *See* ECF

---

[1] The Clerk will amend the docket to reflect the full and correct names of Defendants.

[2] Defendants' motion asks the Court to "dismiss" the complaint "and grant such other and further relief as it deems just and proper." ECF 1, at 2. The memo in support of the motion goes on to ask for summary judgment "in the alternative." ECF 8-1, at 1. Aside from an argument asserting qualified immunity, Defendants argue for dismissal and do not appear to pursue summary judgment. ECF 8, at 3–9. Summary judgment is ordinarily inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). As such, the Court will evaluate the motion as one seeking dismissal under Rule 12, not summary judgment under Rule 56.

10; ECF 12.[3] Upon review, these filings appear to constitute an opposition to ECF 8 and shall be considered as such. Defendants replied. ECF 14. The Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, the Motion to Dismiss will be **GRANTED IN PART** and **DENIED IN PART**.

## I. Background

Cooper alleges that he was housed at MCCF on February 28, 2025 and was moved from cell 1 to cell 6. ECF 5, at 2. Detainee Jones, who was facing two counts of murder and is not a party to this case, was already housed in cell 6. *Id.* Jones told an unidentified correctional officer that the housing arrangement with Cooper "would not work," but the officer "refused to listen." *Id.* at 2, 3; *see also* ECF 1, at 4. Jones then told Cooper that he needed to "hit that button," which Cooper understood to mean that Cooper needed to alert officers that he needed to leave the cell. ECF 1, at 4. Jones told Cooper that Jones "need[ed his] space" and said that "they never should have put you in here." ECF 5, at 2. Cooper then alleges that he told Defendant Toh that he needed to leave the cell he was sharing with Cooper but Toh advised him that was not possible, and he could not simply move him again. ECF 1, at 4; ECF 5, at 3. Cooper and Jones discussed their pending charges, and Jones again told Cooper he needed to leave their shared cell. ECF 5, at 3. Cooper agreed and "kicked the door explaining again to [] Toh [Cooper's] need to be removed from the cell," which Cooper says he told Toh was "because of [Jones'] charges." *Id.* Toh refused to take any action. *Id.* at 3. Cooper states that he remained at the cell door "asking the officer to

---

[3] After ECF 10 was returned to Cooper because it did not contain his original signature, he re-filed it with his signature. *See* ECF 12. Aside from the added signature page (and an accompanying declaration), it appears to be identical to ECF 10.

no avail." *Id.* In his opposition, Cooper reiterates that he warned Toh multiple time of the imminent danger he faced from his cellmate, but Toh did nothing. ECF 10, at 1.

Sometime later, a case manager, identified by Cooper as "Mrs. Riggs," came to Cooper's cell and inquired into his request to move cells. ECF 1, at 5; ECF 5, at 5. Cooper advised Riggs that Jones needed "space," that Cooper, "[did] not feel safe," and expressed that if Cooper needed "to refuse housing and go to the hole [("segregated housing")] then that is what it will have to be" because Cooper "was afraid for his life and safety." ECF 5, at 5. Riggs affirmed that she understood the situation and told Cooper she would so advise Toh. *Id.*; ECF 1, at 5; *see also* ECF 10, at 2. Despite Riggs' efforts to notify Toh and Cooper reminding Toh of the request to move as Toh walked by the cell regularly, Toh did not move Cooper. ECF 5, at 5; ECF 10, at 2–3.

Jones then left the cell "to speak with his lawyer" and, when he returned, Cooper alleges Jones was agitated further "[b]ecause of the news he had just received" from his attorney. ECF 5, at 5. Cooper explains that Jones then made a phone call, and Cooper felt "the energy shift" and experienced "PTSD flash backs" from a violent assault that happened a year earlier. *Id.* at 6. Jones then finished his call, returned to the cell, and violently assaulted Cooper. *Id.*

Cooper alleges that he suffered cuts to his left arm and the base of his skull, a fractured jaw, broken teeth, and a concussion. *Id.*; ECF 1, at 5. Cooper was taken to the emergency room for treatment. ECF 1, at 5. As a result of the incident Cooper alleges that he suffered night terrors, a diminished ability to eat, has a spot in his left eye, suffers from constant fear for his safety, suffers memory loss, and has had to return to the doctor for treatment of his physical and mental injuries. ECF 1, at 5; ECF 5, at 6.[4]

---

[4] In his supplemental complaint, Cooper explains that he could not include all of the details of the assault in his initial complaint because he did not have enough paper. ECF 5, at 7. He also states

## II. Legal Standard

In their Motion, Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6). Defendants argue that: (1) MCCF is not an entity subject to suit; (2) Cooper has failed to state a plausible claim for relief as to Defendants Abello, Toh, Penda, and Zuckerman; and (3) Defendant Toh is entitled to qualified immunity.

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

---

that since the incident he has been denied medical care for the injury to his jaw, pepper sprayed, sexually assaulted by an unidentified guard, and maliciously sent to segregated housing. *Id.* As Cooper fails to identify any individual defendants responsible for this conduct, these claims are not considered here. If Cooper believes his civil rights have been violated by the conduct he alleged in his supplemental filings, he may file a new civil rights complaint detailing these allegations and identifying the individuals he claims are responsible for the conduct alleged. Cooper is reminded to include specific factual details as to each of his claims and to specifically identify the defendants who committed the alleged conduct.

## III. Analysis

### A.  MCCF Must Be Dismissed.

Cooper names MCCF in this matter in name only and does not include any allegations against the facility. Moreover, MCCF is not a governmental entity, so it is not a "person" subject to suit under § 1983, which imposes liability upon a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983; *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 688, 690–92 & n.53 (1978) (noting that for purposes of § 1983, a "person" includes individuals and "bodies politic and corporate"). A detention facility is not a "person" subject to suit under § 1983. *See, e.g., Frankhouse v. Harford Cnty. Det. Ctr.*, Civ. No. JRR-23-2664, 2024 WL 5055202, at *2 (D. Md. Dec. 10, 2024) (finding that Howard County Detention Center "is not a governmental entity, so it is not a 'person' subject to suit under § 1983"); *Smith v. Montgomery Cnty. Corr. Facility*, Civ. No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Even if the Complaint could be construed to assert a claim against Montgomery County, rather than MCCF, the claim would also fail. Cooper makes no allegations, as required to state a § 1983 claim against a local government, that a Montgomery County official acted pursuant to a governmental custom or policy violating his constitutional rights. *See Monell*, 436 U.S. at 694.

5

Therefore, the claims against MCCF will be dismissed. *See* 28 U.S.C. § 1915A(b) (stating that a court must screen a prisoner's complaint against a governmental entity or employee and dismiss any claims that fail to state a plausible claim for relief).

### B.   Cooper Fails to State a Claim Against Abello, Penda, and Zuckerman but Has Properly Alleged a Claim Against Toh.

The remaining Defendants assert that this case should be dismissed against them because Cooper has failed to allege a plausible claim for relief. Cooper brings this civil rights action pursuant to 42 U.S.C. § 1983, under which a plaintiff must establish: (1) a deprivation of "a right secured by the Constitution and laws of the United States"; and (2) that the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, Cooper alleges that Defendants failed to protect him from harm caused by a fellow detainee at MCCF, in violation of his constitutional rights.

*1. Personal Participation: Defendants Abello, Penda, and Zuckerman*

Liability under § 1983 attaches only upon personal participation by a defendant in the alleged constitutional violation. It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens

6

like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Cooper names Abello, Penda, and Zuckerman as defendants but fails to provide any specific factual allegations against any of them or even attempt to explain how any of their conduct caused the constitutional violation he alleges. Accordingly, Defendants Abello, Penda, and Zuckerman are dismissed from this action. However, as explained below, Cooper provides specific factual allegations as to his claim that Toh failed to protect him from harm.

### 2. *Failure to Protect Claim Against Defendant Toh*

Where it appears that Cooper was a pretrial detainee at the time of the relevant events, his claim is properly construed as an alleged violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). For a Fourteenth Amendment claim based on a failure to protect a pretrial detainee from a serious risk of harm, a plaintiff need only allege that "on [a] purely objective basis . . . the 'governmental action' they challenge is not 'rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). Pretrial detainees need not demonstrate that prison officials possessed any subjective deliberate indifference to the risk of harm but instead need only allege sufficient facts to show that the defendant's action or inaction was "objectively unreasonable" in that "the defendant acted or failed to act 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* at 611 (citations omitted).

Nevertheless, negligence or "accidentally fail[ing] to do right by the detainee" is insufficient to establish a Fourteenth Amendment violation. *Id.* at 611–12.

In his complaint and supplement, Cooper asserts that after he was moved into a cell with detainee Jones and that Jones advised him that he could not remain in the cell or Cooper's safety would be jeopardized. Cooper states that he relayed a fear for his safety, and his reasons for it, directly (and repeatedly) to Toh. Cooper alleges Toh ignored his complaint. Cooper also alleges that he told the same to a case manager who responded by saying she would report these safety concerns – and the need to move Cooper from his cell – directly to Toh. Cooper even alleges that he said he was willing to suffer a sanction so long as it meant he would be removed from the dangerous situation developing in the cell he shared with Jones. Nevertheless, Toh no made no effort to remove Cooper from the cell or to otherwise separate Cooper and Jones. Cooper then alleges he was violently assaulted by Jones, the very outcome he warned Toh of.

Construing the allegations in the light most favorable to Cooper, the Court finds that he has plausibly alleged a Fourteenth Amendment claim that Toh failed to protect him from a threat to his safety. *Cf. McCall v. Rounds*, Civ. No. 22-357-BAH, 2025 WL 2784605, at *11 (D. Md. Sept. 29, 2025). Cooper alleges that Toh was aware of an unjustifiably high risk of assault but took no action. The motion will thus be denied as to Toh because the Court finds that Cooper has sufficiently stated a Fourteenth Amendment claim against Toh.

## IV.  Qualified Immunity

Finally, Toh argues that he is entitled to qualified immunity. ECF 8-1, at 9–10. Under the doctrine of qualified immunity, "§ 1983 actions against government officials in their individual capacities" are barred "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time.'" *Barrett v. PAE Gov't*

*Servs., Inc.*, 975 F.3d 416, 428 (4th Cir. 2020) (quoting *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018)). The bulk of Toh's argument is devoted to establishing that "[j]ail officials performing discretionary functions can be accorded qualified immunity." ECF 8-1, at 10 (citation omitted). Toh goes on to assert that "there are no factual allegations that plausibly show that the alleged actions of [] Toh rose to the level of a constitutional violation of Plaintiff's rights as a pretrial detainee." *Id.* Toh does not address the second prong of the qualified immunity inquiry. The Court has already found that Cooper states a viable Fourteenth Amendment failure-to-protect claim against Toh, thus foreclosing Toh's argument to the contrary. Moreover, Toh's knowledge of the scope and extent of the threat Jones posed to Cooper is a factual dispute not properly resolved at this early stage of the litigation. *See Burno-Whalen v. Maryland*, Civ. No. GJH-15-564, 2016 WL 1259556, at *5 (D. Md. Mar. 28, 2016) ("[D]isputes of material fact may preclude a finding by the Court about whether qualified immunity applies, and instead convert the inquiry into a question for the trier of fact."). The Court cannot conclude at this time that Toh is entitled to qualified immunity but notes that the motion is denied as to this argument without prejudice to Toh and he may raise it again, if appropriate, at a later stage of the case.

## V.    Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss will be GRANTED IN PART and DENIED IN PART in that the claims against Defendants MCCF, Abello, Penda and Zuckerman will be dismissed, and the Motion is denied as to Defendant Toh. A separate Order shall issue.

Dated: <u>January 20, 2026</u>                                                       /s/
                                                                          Brendan A. Hurson
                                                                          United States District Judge